OPINION ON PETITION TO REHEAR
PER CURIAM.
Shelby County and Williamson County have filed a petition for rehearing, pursuant to Rule 39 of Tenn. Rules of Appellate Procedure, regarding this Court’s November 16, 2000 opinion in this matter. The petition indicates that those parties have misconstrued our holding. In our opinion, we dealt only with a matter of law and not with factual issues.
The Court of Appeals had determined that the State Board of Equalization had no legal authority for the action it had taken. The Court of Appeals concluded in its opinion that, “We simply find no authorization for the Board to reduce the evaluation of taxable property below the fair market value of the property absent legislative authorization to do so. We have found no legislative authorization. However commendable, the action of Board in furthering the purpose of fairness and equity, we cannot find legal justification for the action.” (emphasis added)
As we stated in our November 16, 2000 opinion, “The issue presented in this case is whether the Tennessee State Board of Equalization ... has the legal authority to grant a reduction in the appraised (and therefore assessed) value of tangible personal property owned by public utility companies.” (emphasis added). Our response to the sole issue presented to this Court was stated by us as follow:
‘We hold that the Board of Equalization does have the legal authority, as part of the equalization process, to reduce the appraised value (and the assessed value) of centrally-assessed public utility property. Such a reduction is an appropriate remedy where the reduction causes the appraised value of such centrally-assessed personal property within each local tax jurisdiction to bear the same ratio to fair market value as obtains for the personal property within such local jurisdiction that is appraised and assessed by local taxing authorities.” (emphasis added)
*103 Whether the Board’s exercise of its constitutional and legislative authority had the result described above (i.e., the equalization of such ratios), and was therefore a proper exercise of such authority, is a factual issue that was not addressed in our November 16, 2000 opinion. Under our interpretation of the Court of Appeals’ opinion, it is unclear whether that Court reached a conclusion on whether the Board’s action had in fact produced an equalization of such ratios.
The petition for rehearing submitted on behalf of Shelby County and Williamson County is denied.
We modify our November 16, 2000 opinion and judgment order and hereby order that this case is remanded to the Court of Appeals for that Court to determine whether the Board’s action in reducing the appraised value of public utility tangible personal property for tax year 1998 caused the ratio of such property’s appraised value to its fair market value to be equal to such ratio for tangible personal property within each local jurisdiction that is appraised and assessed by local taxing authorities.